## APPEALS OF ROBERT P. WHITE, ET AL.[1]

Docket Nos. 5554, 5555, 5621–5623.   Decided September 24, 1926.

*Harry Friedman, Esq.*, for the petitioners.
*Ward Loveless, Esq.*, for the Commissioner.

LITTLETON: These appeals question the correctness of the determination of deficiencies for the calendar year 1920, of $1,242.17 as to Robert P. White, $411.97 as to Frances White Yow, $2,865.97 as to Rosena W. Bradshaw, $3,072.14 as to James White, Jr., and $2,727.25 as to Julia A. White, in so far as these deficiencies result from the disallowance of deductions on account of a debt alleged to have been worthless and charged off on December 31, 1920.

### FINDINGS OF FACT.

Petitioners are residents of Athens, Ga. On or about September 24, 1920, they loaned to Mrs. M. R. Welch, of Athens, the following amounts: Robert P. White, $10,000; Frances White Yow, $5,000; Rosena W. Bradshaw, $25,000; James White, Jr., $25,000; Julia A. White, $25,000.

These loans were due 12 months after date. Mrs. Welch was the mother of John P. Welch, who was engaged in the cotton-warehouse business. At the time the loans were made to Mrs. Welch, petitioners inquired carefully into her financial condition and found that she was worth at least $300,000, and, while she had outstanding

---

[1] The following appeals were heard with the above and are decided herewith—Julia A. White, Docket No. 5623; James White, Jr., Docket No. 5622; Rosena W. Bradshaw, Docket No. 5621; Frances White Yow, Docket No. 5555.

indebtedness as endorser of her son's notes, and otherwise, it was decided by the petitioners that, notwithstanding this fact, she was fully solvent and that her indebtedness was fully and amply secured. Her son, as was the custom of the business in which he was engaged, advanced large sums of money to farmers on their notes, which he discounted at the banks and on which he was liable. He had also borrowed considerable sums from banks on his notes, upon which his mother was endorser. This situation was fully investigated by the petitioners prior to making the loans.

At that time cotton was selling for 28½ cents and 29½ cents a pound. Between the dates of the loans and December 31, 1920, conditions changed materially. The cotton crop in southern Georgia was almost a complete failure and the price of cotton declined from 28½ cents and 29½ cents to 12 cents and 14 cents. The farmers were unable to pay their debts. There was no market for stock, farming implements or land. As a result of this situation, many notes became due and were not paid by the farmers. In addition, loans made by John P. Welch, through banks, became due and the collateral given by him became of little value as a result of existing conditions. Mrs. Welch was required by reason of these circumstances to pay the notes which she had endorsed. The banks held prior liens upon her property. The debts due petitioners by Mrs. Welch were worthless on December 31, 1920. The petitioners determined the debts to be worthless and charged them off. Mrs. Welch died in the early days of 1921. Her estate was immediately settled and nothing was paid upon the accounts due these petitioners. They deducted the aforementioned amounts from the gross income for 1920 as worthless.

The Commissioner denied the deduction for 1920, holding that the debts should have been deducted from gross income for 1921.

*Judgment for the petitioners.*